**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3298-22

THE BANK OF NEW YORK
MELLON, f/k/a THE BANK
OF NEW YORK AS TRUSTEE
FOR REGISTERED HOLDERS
OF CWABS, INC., ASSET-
BACKED CERTIFICATES,
SERIES 2006-23,

     Plaintiff-Respondent,

v.

ALEXANDER CUPO and
MRS. ALEXANDER CUPO,

     Defendants-Appellants,

and

CONVENT HOUSE
CONDOMINIUM ASSOCIATION,
INC., a/k/a CONVENT HOUSE
CONDOMINIUMS and NEW
CENTURY FINANCIAL
SERVICES, INC.,

     Defendants-Respondents.

_____

Argued May 7, 2024 – Decided May 14, 2024

Before Judges Puglisi and Haas.

On appeal from the Superior Court of New Jersey, Chancery Division, Hudson County, Docket No. F-007451-20.

Christopher J. Brennan argued the cause for appellant (Law Office of Constantine Bardis, LLC, attorneys; Constantine Bardis, on the briefs).

James A. French argued the cause for respondent (McCabe, Weisberg & Conway, LLC, attorneys; James A. French, of counsel and on the brief).

PER CURIAM

Defendant Alexander Cupo appeals from the Chancery Division's May 26, 2023 order denying his motion to vacate a final judgment of foreclosure in this residential mortgage foreclosure action. We affirm.

In December 2006, defendant executed a $245,000 note and mortgage to the original lender. The mortgage was later assigned to plaintiff The Bank of New York Mellon. Plaintiff defaulted on the loan in February 2007.

On July 31, 2020, plaintiff filed a foreclosure complaint. On August 6, 2020, plaintiff served defendant with the complaint by leaving a copy of it with an adult individual at plaintiff's home who refused to identify himself. See R. 4:4-4(a)(1). On July 28, 2022, plaintiff filed an amended foreclosure complaint.

It served defendant by mailing him the complaint by certified and regular mail. See R. 4:4-5(a)(2) and R. 4:4-4(b)(1)(C). Defendant did not accept the certified mail, but the regular mail was not returned to plaintiff. Defendant did not file a timely answer.

On May 4, 2023, the trial court granted plaintiff's motion for a final judgment of foreclosure. Defendant then filed a motion to vacate the judgment pursuant to Rule 4:50-1(d).

Defendant argued he was not the individual who was served with the complaint on August 6, 2020. Defendant's father, who did not live with defendant, provided a certification stating he was also not the individual described in the return of service. However, defendant conceded he resided in the home, and he never denied that he received the amended complaint that plaintiff sent him by regular and certified mail, or that he failed to file an answer.

Following oral argument, the trial court rejected defendant's lack of service argument and, in a concise oral decision, denied his motion to vacate the final judgment of foreclosure. On appeal, defendant again argues that plaintiff did not properly serve him with the complaint. Defendant also argues for the first time that this "court should reverse the denial of [his] motion to vacate the

3

default judgment because the default entered against [him] was not reinstated upon the reinstatement of plaintiff's dismissed complaint."

We review the trial court's decision on a motion to vacate a default judgment for abuse of discretion. U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). "The trial court's determination under [Rule 4:50-1] warrants substantial deference," and the abuse of discretion must be clear to warrant reversal. Ibid.

We have considered defendant's arguments in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We discern no abuse of discretion in this case and affirm substantially for the reasons the court expressed in its May 26, 2023 oral decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3298-22